## Crawford et al. v. Baker et al.

Sept. 27, 1940.

Grannis Bach, Special Judge.

C. A. Noble for appellants.

D. G. Boleyn and Barney W. Baker for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

This is a suit in equity brought in the Perry Circuit Court to quiet ti⁺ᴸe to 1882 branded trees standing and growing on appellants' land, and to recover $20 damages for cutting two trees. This timber had been conveyed by the trustee in bankruptcy of the Crawford Coal Corporation (hereinafter called the Corporation) to the persons under whom appellees were logging this timber. The chancellor dismissed the petition, and this appeal followed.

On September 1, 1917, appellants leased certain lands for coal mining to James L. Getaz for a period of forty years, and on January 18, 1920, the Corporation assumed Getaz's lease and operated the mine for many years. This lease granted unto the lessees the right to use for mining purposes timber fourteen inches and under in diameter, but expressly reserved all merchantable timber over fourteen inches in diameter with the right to go upon the lands and remove same at any time. It further provided that the lessees should pay the fair market price to lessors for all timber purchased from them for the construction of houses and tipples built by the lessees; also, that the lessors would furnish no timber free of charge for the construction of buildings, houses or tipples used in the mining of coal, but would only furnish timber fourteen inches and under in diameter for mining purposes. The lease contract contained a clause that should the lessees go into bankruptcy or receivership, voluntarily or involuntarily, the lessors could declare a forfeiture; and in the event of such forfeiture "the lessees shall not have the right to remove any of the tracks, entries, props or anything that shall be necessary or reasonably necessary to enable the lessors to continue mining operations on said leased premises, including all tipple, sidetracks and miners' houses and other houses, erected, to be used in mining operations on said leased premises."

By deed of date March 18, 1922, N. C. Crawford and wife, in consideration of love and affection, conveyed to their children 8,865 branded trees, forty-six inches and up in circumference of various designated species, growing on the lands upon which the Corporation held the mining lease. The grantees were given an unlimited time to remove this timber, to erect tramroads, haulroads, sawmills and other conveniences nec-

essary to cut, manufacture and remove the timber. These Crawford children conveyed this timber to the Corporation which was subsequently adjudged a bankrupt in 1930 or 1932. The persons under whom the appellees were logging this timber became the purchasers thereof at the trustee's sale of the bankrupt Corporation's estate, and the trustee in bankruptcy executed to the purchasers a deed for same.

In their pleadings appellants averred they had possession of the lands and of the timber; that when the Corporation acquired this timber from the Crawford children, it became a part of the mining equipment, and when the mining lease was forfeited by virtue of the bankruptcy of the Corporation, this timber reverted to the appellants under the above referred to terms of the lease; that the deed executed by the trustee was not authorized by the referee or approved by the judge and was void. The appellees traversed appellants' pleadings and affirmatively alleged that the persons under whom they were logging this timber obtained title to same under the deed executed to them by the trustee in bankruptcy of the Corporation; that the appellants in the bankruptcy proceeding never set up title to the timber but on the contrary acquiesced in the order of the referee directing the timber to be sold and were estopped from claiming title thereto; that the bankruptcy proceeding was still pending before the referee at the time this action was filed in the circuit court and that the bankruptcy court and not the Perry Circuit Court had jurisdiction to determine this controversy. With the pleadings there were filed as exhibits a copy of the mining lease, a copy of the deed wherein Crawford and wife conveyed this timber to their children, a copy of the deed wherein the trustee in bankruptcy conveyed same to the persons under whom appellees were logging, and certain orders of the bankruptcy court, and a lengthy opinion of the referee in ruling upon certain claims filed by appellants against the bankrupt's estate. There being no question of fact presented by the record, the case was submitted to the chancellor upon the pleadings and exhibits, and as above stated, he dismissed appellants' petition.

The only question we deem necessary to decide is whether or not this merchantable timber, forty-six

inches and up in circumference, or rather the remaining 1882 trees of it, is necessary, or reasonably necessary, to continue the operation of this mine. By virtue of its bankruptcy, the Corporation forfeited the lease which provided that in case of forfeiture the lessees had no right to remove any of the "tracks, entries, props or anything which shall be necessary, or reasonably necessary, to enable lessors to continue mining operations on the leased premises." We cannot agree with the contention of the lessors that this merchantable timber which they expressly reserved in the lease and later conveyed to their children, who in turn conveyed it to the Corporation, was a necessary part of the mining equipment. It is clear from the terms of the lease that the intention of the parties was that the words just above quoted apply to such structures as the lessees might have built on the premises, and did not refer to this standing merchantable timber. In the first place, this timber was expressly reserved to the lessors by the terms of the lease and when they conveyed it to their children, the grantees were given an unlimited time in which to cut and remove it, and were granted the privilege of building roads and tramways on the land and of locating sawmills thereon, so as to expedite the cutting and manufacture of same. In the second place, the lease provided that the lessees could use free of charge timber for mining purposes not exceeding fourteen inches in diameter. All of which clearly shows this merchantable timber was not considered as necessary, or reasonably necessary, for the operation of the mine and that it had no connection whatever with mining operations.

Appellants rely upon Givens v. Louisville Property Co.'s Assignee, 258 Ky. 740, 81 S. W. (2d) 401, as authorizing them to obtain title to this merchantable timber through the forfeiture of the lease. But as we read it, this Givens case holds that buildings which the lessee erected on adjoining property and used in connection with the original lease did not become the property of the lessors as appurtenant to the mining lease which was forfeited. The timber in the instant case is as separate from the mining lease as were the buildings erected on the adjoining property in the Givens case, and it can no more be considered mining equipment than the buildings there could be considered appurtenant to the lease forfeited. In re-entering and taking possession of the

804

leased premises after the forfeiture, appellants did so as the owners of their premises and not as assignees of their own lease nor of this merchantable timber which they had sold in a transaction having no connection with the mineral lease. They can only claim this timber by virtue of it being reasonably necessary in the operation of the mine and not as assignees of lessees, Givens v. Louisville Property Co.'s Assignees, supra, and by no stretch of the imagination can we say this merchantable timber is reasonably necessary to continue mining operations on the leased premises. Appellants are the plaintiffs and must recover on the strength of their own title and not on the weakness of their adversary, Liberty Coal Co. v. Baker, 231 Ky. 761, 22 S. W. (2d) 252; Warfield Natural Gas Co. v. Danks, 271 Ky. 452, 112 S. W. (2d) 674. Since they took no title to this timber by virtue of the Corporation forfeiting the lease they cannot maintain this action.

Having reached this conclusion, it is unnecessary for us to discuss the other questions raised.

Judgment affirmed.